United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ARDEN VAN UPP,

    Debtor.
                                   /

No. C 10-01934 SI

**ORDER RE: MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT**

Relate Cases:  3:10-cv-00204-SI
                       3:10-cv-01149-SI
                       3:10-cv-02559-SI

On May 5, 2010, debtor Arden Van Upp filed a document in the Federal District Court for the Northern District of California labeled "Motion pursuant to 28 U.S.C. § 157(d) to withdraw reference to US Bankruptcy Court." Doc. 1. A case number was assigned to the motion, and a judge assigned to the case number. On June 4, 2010, this Court filed an order relating this case to case number C 10-204 SI. Doc. 5. Trustee David A. Bradlow has filed an opposition to debtor's motion. Doc. 6.

A district court

> may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court under 28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). This provision mandates withdrawal of reference where there are "substantial and material questions of federal law"; and it permits withdrawal of reference for "cause shown." *Security Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of

forum shopping, and other related factors." *Id.* It is an abuse of discretion for a district court to withdraw its reference of bankruptcy jurisdiction without adequate cause. *In re Canter,* 299 F.3d 1150, 1154 (9th Cir. 2002); *In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990). The movant has the burden of proof to show that adequate cause exists. *In re Peanut Corp. of Am.*, 407 B.R. 862, 864 (W.D. Va. 2009).

In her motion, debtor asserts that the Court is required to withdraw reference because several statutes, including the Truth in Lending Act ("TILA") "obviously appl[y]" to her case. Trustee asserts that debtor raised TILA as part of an objection to a claim made in bankruptcy court, but that she withdrew the objection. In any event, trustee argues, the objection would not support mandatory withdrawal and there is no reason to grant permissive withdrawal.

If district courts were to invoke mandatory withdrawal whenever a bankruptcy court faces issues of non-bankruptcy federal law, it "would eviscerate much of the work of the bankruptcy courts." *In re Vicars Ins. Agency*, 96 F.3d 949, 952 (7th Cir. 1996). Rather, district courts apply mandatory withdrawal only when a proceeding involving non-bankruptcy federal law raises "substantial and material questions of federal law" that require more than a "straightforward application of a federal statute to a particular set of facts." *Id.* at 953 n.5. Assuming that the TILA allegation remains before the bankruptcy court, the Court is not required to, and does not choose to, withdraw reference to the bankruptcy court. Debtor has not demonstrated that the allegation "involve[s] novel or intricate federal law questions that require the expertise of the court." *In re Creekside Vineyards, Inc.*, No. CIV. 2:09-2273 WBS EFB, 2009 WL 3378989, *5 (E.D. Cal. 2009). Nor has debtor provided the Court with any information that would support a finding of cause under any of the factors discussed in *Security Farms*. To the contrary, by her premature filings in the district court, debtor has shown a propensity to forum shop and delay. *See, e.g.,* C 10-02559-SI, doc. 19 (dismissing complaint for lack of subject matter jurisdiction).

Debtor also references what she sees as improper conduct by the bankruptcy court and trustee. The Court will not withdraw the bankruptcy reference in order to review the actions of the bankruptcy court and trustee; that is what appellate review is for. To withdraw bankruptcy reference in this case would, "in effect, derail[] the appellate process provided by statute." *Pruitt*, 910 F.2d at 1168.

2

For the foregoing reasons and for good cause shown, the Court hereby DENIES debtor's motion to withdraw reference to the bankruptcy court. (Doc. 1.) The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 21, 2010

SUSAN ILLSTON
United States District Judge